UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
INES CARRASCO-FLORES,

        Plaintiff,                      MEMORANDUM AND ORDER

    - against -                      12-CV-5737 (ILG) (JMA)

COMPREHENSIVE HEALTH CARE AND
REHABILITATION SERVICES, LLC and
JOEL RIGUEUR,

        Defendants.
----------------------------------------------------------x
GLASSER, Senior United States District Judge:

       Plaintiff Ines Carrasco-Flores brings this action against defendants Comprehensive Health Care and Rehabilitation Services, LLC ("CHCRS") and Joel Rigueur for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA"); Articles 6 and 19 of the New York State Labor Law (the "NYLL") and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs, tit. 12, part 142; and New York common law.

       Currently before the Court is Magistrate Judge Joan M. Azrack's unopposed September 15, 2014 Report and Recommendation ("R&R") that plaintiff be awarded a default judgment of $59,158.28 against CHCRS, representing (1) $22,533.00 in unpaid wages from 2009 and 2010; (2) $3,769.90 in "spread of hours" pay from that same period; (3) $2,500 for CHCRS's violation of NYLL § 195(3), which requires employers to furnish employees with wage statements; (4) $19,371.98 in liquidated damages, as provided for by both the FLSA and NYLL; (5) $6,233.40 in prejudgment interest, as provided for by New York law; (6) $4,300.00 in attorneys' fees; and (7) $450.00 in

costs. Magistrate Judge Azrack also recommended that plaintiff receive prejudgment interest of $3.34 per day from September 15, 2014 through the date of judgment.

The comprehensive R&R sets forth the factual and procedural history of this litigation, and familiarity with it is presumed here. Since "allegations pertaining to liability are deemed admitted upon entry of a default judgment, [but] allegations related to damages are not," R&R at 4 (citing, inter alia, Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)), Magistrate Judge Azrack conducted an inquest to ascertain, with reasonable certainty, the amount of damages plaintiff was entitled to for her wage-related claims against CHCRS. At that inquest, plaintiff testified about her employment at CHCRS and the circumstances by which she came to work there for an extended period of time without pay. See Dkt. No. 22 at 3:14 – 19:22. Finding plaintiff's testimony credible, Magistrate Judge Azrack held that plaintiff was (1) not paid at all for her work during 2009 and 2010, (2) never given an additional hour of minimum-wage pay for any day in which more than 10 hours elapsed between the start and end of her shift, and (3) never provided with a wage statement. See R&R at 3-4. She therefore recommended that judgment be entered against CHCRS in the amount listed above. Id. at 16.

In reviewing an R&R, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(1). Where, as here, no timely objections have been made, a district court need only satisfy itself that there is no clear error on the face of the record when adopting a magistrate's recommendation. E.g., Joseph v. HDMJ Restaurant, 970 F. Supp. 2d 131, 138 (E.D.N.Y. 2013); Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001). The Court has reviewed the R&R and underlying

record for clear error, and found none.  It therefore adopts Magistrate Judge Azrack's well-reasoned R&R in full.

The Clerk of the Court is respectfully directed to enter judgment against defendant CHCRS in the amount of $59,158.28 plus prejudgment interest of $3.34 per day from September 15, 2014 through the date of judgment.

SO ORDERED.

Dated:	Brooklyn, New York
	October 2, 2014

_____s/_____
I. Leo Glasser
Senior United States District Judge